**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARC L. CATERINY and ROBERT B. REEVES,**

**Plaintiffs,**

**v.** **Case No: 6:14-cv-1336-Orl-22DAB**

**JP MORGAN CHASE BANK, N.A., BAYVIEW LOAN SERVICING, LLC and JAMES E. ALBERTELLI, P.A.,**

**Defendants.**

---

# ORDER

This cause comes before the Court on Motions to Dismiss filed by Defendants JP Morgan Chase Bank, N.A. ("Chase") (Doc. No. 41), Bayview Loan Servicing, LLC ("Bayview") (Doc. No. 42), and James E. Albertelli, P.A. ("Albertelli") (Doc. No. 44).[1] Plaintiffs Marc L. Cateriny and Robert B. Reeves ("Plaintiffs") filed Responses in Opposition to the Motions (Doc. Nos. 52, 51, and 50, respectively).[2] With leave of Court, Bayview filed a Reply in support of its Motion (Doc. No. 55). For the reasons that follow, the Complaint will be dismissed with prejudice as to Chase, and dismissed with leave to amend as to Bayview and Albertelli as provided herein.

---

[1] Albertelli's Motion, which includes numerous grammatical errors on rules as basic as subject-verb agreement, does not meet the level of practice expected by the Court. Albertelli's counsel should proofread his briefs with the same conscientiousness that he reasonably expects the Court to apply in considering them.

[2] Plaintiffs' Complaint and Response Memoranda do not comply with the minimum margin size requirements set out in Local Rule 1.05(a). Future filings that fail to comply with this rule will be stricken.

## I. BACKGROUND

This is an action for damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and its Florida analogue, the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statutes §§ 559.55-559.785. Plaintiffs "signed a note and mortgage in favor of Chase in connection with the purchase of Plaintiffs' former residence" on May 26, 2005. (Compl. (Doc. No. 1) ¶ 8.) Plaintiffs defaulted on that obligation at some point thereafter, and filed for Chapter 7 bankruptcy on August 15, 2013. (*Id.* ¶ 15.) The bankruptcy court discharged Plaintiffs of their personal liability for mortgage debt on or about November 19, 2013. (*Id.* ¶ 21.) Chase retained Albertelli as counsel in an action to foreclose the property underlying the mortgage, which was filed on February 5, 2014. (*Id.* ¶¶ 30-31, 37.) Bayview allegedly purchased the mortgage debt on February 15, 2014, and attempted to collect the debt after it was in default. (*Id.* ¶ 10.) The crux of the Complaint is that Chase; Bayview and its agent, M&T Bank; and Albertelli communicated with Plaintiffs during and after the bankruptcy in various attempts to collect on the mortgage debt. Plaintiffs allege the following counts against all three Defendants:

- Count One: violations of FCCPA § 559.72(7) by attempting to collect consumer debt from the Plaintiffs through the use of means that can be reasonably expected to harass or abuse;

- Count Two: violations of FCCPA § 559.72(9) by attempting to collect consumer debt with actual knowledge that the debt was not collectible;

- Count Three: violations of FDCPA § 1692c(a)(2) by communicating with Plaintiffs directly despite having actual knowledge that they were represented by counsel;

- Count Four: violations of FDCPA § 1692d(5) for causing a phone to ring or engaging Plaintiffs in conversation repeatedly with the intent to annoy, harass, or abuse any person;

- Count Five: violations of FDCPA § 1692e(2)(A) by falsely representing the amount, legal status or character of consumer debt;

- Count Six: violations of FDCPA § 1692e(10) by using false representations and deceptive means in attempting to collect debt;

- Count Seven: violations of FDCPA § 1692f by using unfair and unconscionable means in attempting to collect consumer debt;
- Count Eight: declaratory and injunctive relief to prevent Defendants from attempting to collect the disputed mortgage debt in the future;
- Counts Nine through ___: unknown number of violations of FCCPA § 559.72(18), for communicating with Plaintiffs after being given actual notice and possessing knowledge that Plaintiffs were represented by counsel with regard to the Debt.

## II. LEGAL STANDARD

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id.*

## III. ANALYSIS

To plead a viable claim under the FDCPA and FCCPA, a plaintiff must plausibly allege that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the

defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011) (citation omitted). Courts apply the "least-sophisticated consumer" standard when evaluating whether a debt collector's communications amount to FDCPA violations. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam). This standard protects "naïve consumers," but it also "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.* (citation omitted). When considering a motion to dismiss, the Court will treat "dunning letter[s] and [other] enclosed documents" as part of the complaint where, as here, the plaintiffs attached them as exhibits to the complaint. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012).

**A. Chase**

Contrary to the conclusory allegation in the Complaint, Chase is not a debt collector vis-à-vis these Plaintiffs, and is therefore not liable under the FDCPA or FCCPA. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Similarly, the FCCPA states that:

> "Debt collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Fla. Stat. § 559.55(7). That the debt is "owed or due another" is key: both statutes specifically exclude from their definitions of "debt collectors" those persons who are "collecting or attempting

to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F); Fla. Stat. § 559.55(7)(f). In short, the FDCPA and FCCPA only apply to third-party debt collectors, not "to creditors who seek to collect only what is owed them." *Deutsche Bank Trust Co. Americas v. Garst*, 989 F. Supp. 2d 1194, 1201 (N.D. Ala. 2013); *see also Fenello v. Bank of Am., NA*, 577 F. App'x 899, 902 (11th Cir. 2014) (per curiam).[3] Therefore, the legally significant term "debt collector" "does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Belin v. Litton Loan Servicing, LP*, No. 8:06-cv-760-T-24EAJ, 2006 WL 1992410, at *2 (M.D. Fla. July 14, 2006) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

Here, Plaintiffs allege that "[t]he Debt was incurred on May 26, 2005, when Plaintiffs signed a note and mortgage in favor of Chase in connection with the purchase of Plaintiffs' former residence." (Compl. ¶ 8.) Because Chase originated the note and mortgage, it is impossible for the debt to have been in default when Chase acquired it. Therefore, under the plain language of the FDCPA and FCCPA, Chase is not a "debt collector," and all of Plaintiffs' claims against it will be dismissed.

**B. Albertelli**

Plaintiffs' allegations against Albertelli arise out of that firm's representation of Chase in the foreclosure suit. The allegedly improper communications attributable to Albertelli include a pre-suit letter, (Compl. ¶ 30), service of process for the foreclosure action, (*id.* ¶ 42), a "financial

[3] Unpublished Eleventh Circuit cases are persuasive, but not binding on this Court.

package" requesting financial documents from Plaintiffs, (*id.* ¶ 43), three letters "to coordinate mediation" in the foreclosure action and requesting Plaintiffs to produce certain financial documents, (*id.* ¶¶ 43-45), service of process for a motion for default, (*id.* ¶ 46), and service of Chase's witness list, (*id.* ¶ 48). Although these are the only pertinent factual allegations in the Complaint, Plaintiffs claim in their Response to Albertelli's Motion that their real claim "is that Albertelli's attempts to actively involve them in what should have been a straightforward *in rem* action coupled with its other deceptive collection communications violated the FDCPA and the FCCPA." (Doc. No. 50 at 17.) Plaintiffs do not delineate which of the communications from the Complaint represent attempts to involve them in the foreclosure action and which are the "other deceptive collection communications."

Florida's common law litigation privilege gives Albertelli absolute immunity against all of Plaintiffs' FCCPA claims. The privilege "provides complete judicial immunity 'to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding.'" *Pack v. Unifund CCR Partners, G.P.*, No. 8:07-cv-1562-T-27EAJ, 2008 WL 686800, at *6 (M.D. Fla. Mar. 13, 2008) (adopting and confirming report and recommendation) (alteration in original) (quoting *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007)). All of Albertelli's communications with Plaintiffs were intimately related to the underlying state court foreclosure proceeding; Albertelli would never have contacted Plaintiffs if the firm had not been retained to handle the foreclosure suit. Plaintiffs concede as much in their response. (Doc. No. 50 at 12.) Numerous other district judges in this Circuit have dismissed FCCPA claims under Florida's litigation privilege when facing similar factual circumstances. *See, e.g., Perez v. Bureaus Inv. Grp. No. II, LLC,* No. 1:09-cv-20784, 2009 WL 1973476 (S.D. Fla. July 8, 2009); *Pack*, 2008 WL 686800. Contrary to Albertelli's unsupported

assertion, though, a state common law litigation privilege cannot "absolve a debt collector from liability under the [federal] FDCPA." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3d Cir. 2011); *Correa v. BAC Home Loans Servicing LP*, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *13 (M.D. Fla. Apr. 9, 2012).

Albertelli also argues that Plaintiffs' claims should be dismissed because the firm was not acting as a debt collector when it communicated with Plaintiffs. The Eleventh Circuit has determined that a home loan is a "debt" even if it is secured by a mortgage, and "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217-18 (11th Cir. 2012). Thus, "the enforcer of a security interest [can] be held liable under the FDCPA[,]" because "an entity can both enforce a security interest *and* collect a debt." *Birster v. Am. Home Mortg. Servicing, Inc.*, 481 F. App'x 579, 583 (11th Cir. 2012) (per curiam) (citing *Reese*, 678 F.3d at 1217-18). In this context, the Eleventh Circuit has held that language stating that an entity is attempting to collect a debt, coupled with a demand for repayment of the debt (e.g., "you must pay"), is sufficient to render the communication "related to 'the collection of [a] debt' within the meaning of" the FDCPA. *Reese*, 678 F.3d at 1217; *see also Birster*, 481 F. App'x at 583.

Based on this precedent, Plaintiffs have plausibly alleged that the initial letter Albertelli sent to Plaintiffs was at least partially an attempt to collect a debt. The letter stated that "THIS LAW FIRM MAY BE DEMED A DEBT COLLECTER AND THIS IS AN ATTEMPT TO COLLECT A DEBT," and included the amount of the debt and information about "options to avoid foreclosure." (Doc. No. 1-3 at 17.) However, there can be no plausible assertion that the communications for service of process and attempts to coordinate mediation in the foreclosure

action pertained to any similar attempt. Plaintiffs were undoubtedly the proper defendants in the foreclosure action, and there are no allegations that Albertelli sought to do anything besides enforce Chase's security interest in that litigation. Therefore, Plaintiffs' FDCPA claims will be limited to those arising from Albertelli's initial pre-suit letter.[4]

**C. Bayview**

Plaintiffs claim that Bayview and its agent, M&T Bank, committed several violations of the FDCPA and the FCCPA after Bayview apparently purchased Plaintiffs' mortgage debt on February 15, 2014. (Compl. ¶ 10.) Bayview contends that it did not engage in debt collection activity; lacked actual knowledge that Plaintiffs were represented by counsel when much of the alleged collection activity occurred; and that any collection activity that did take place was not deceptive or misleading, or overly frequent or harassing.

There is no binding brightline standard for determining whether a communication from a debt collector was made "in connection with the collection of any debt." *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1356 (M.D. Fla. 2012). Instead, making that determination requires consideration of a number factors that are specific to the individual communications at issue. *See Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302-03 (11th Cir. 2014). Ultimately, to establish the requisite "connection" between the communication and debt collection, "an animating purpose of the communication must be to induce payment by the debtor." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). This sort of inquiry is ill-suited

[4] Albertelli's arguments for dismissal based on res judicata, collateral estoppel, and the *Rooker-Feldman* Doctrine bear the hallmark signs of the cut-and-paste approach to brief writing. These arguments purportedly rebut objections to "the validity of a lien or the authority of the lienholder to foreclose," but Plaintiffs do not make any such claims in this lawsuit. These arguments are irrelevant, and will be ignored.

to resolution at the pleading stage, and in any event the Court finds that Bayview's and M&T Bank's letters could plausibly have been sent in connection with the collection of a debt. All of the letters specifically inform the recipient that their sender is "attempting to collect a debt," while some note that "[y]our loan is currently delinquent" and mention "possible alternatives" if Plaintiffs are "not able to pay the amount due at this time." (Doc. No. 1-3 at 13-16.)

Bayview's attempt to dismiss Counts One and Four, which are based on allegedly harassing or abusive telephone calls, will also be denied. The Complaint includes sufficient factual allegations to support a plausible inference that Bayview called Plaintiffs numerous times. (Compl. ¶¶ 25, 27-29.) Bayview asks the Court to examine the alleged calls and compare them to those in other cases, but "a detailed inquiry" into the "specific timing and content of the calls. . . . is inappropriate in the context of a motion to dismiss." *DeFrancesco v. Veripro Solutions Inc.*, No. 2:14-cv-27-FtM-29DNF, 2014 WL 4387570, at *4 (M.D. Fla. Sept. 5, 2014). For the same reason, the Court will not dismiss Counts Five, Six, and Seven, which allege that Bayview used "false, deceptive, or misleading representation[s]" and "unfair or unconscionable means" to attempt to collect the debt. 15 U.S.C. §§ 1692e, 1692f. These arguments are much more appropriate at summary judgment, when the Court will have the ability to review evidence outside the pleadings to determine whether any disputed material issues of fact remain.

Bayview also argues that its communications with Plaintiffs were not made in connection with debt collection because they included a "bankruptcy disclaimer," stating "[i]f you are in Bankruptcy or received a bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the property." (Doc. No. 1-3 at 13-16) At least one other judge in this Circuit has found such disclaimers to "not alter the letter's overall misleading effect," let alone sever the connection

between the communication and an attempt to collect a debt. *Lara v. Specialized Loan Servicing, LLC*, No. 1:12-cv-24405-UU, 2013 WL 4804387, at *1-2 (S.D. Fla. Sept. 6, 2013). The danger in treating bankruptcy disclaimers as a sort of get-out-jail-free card is that debt collectors who include them will, without risk of consequences, "continue sending these letters, thinking that the recipient mightn't realize that his debts had been discharged or that the debt he was being dunned for, perhaps long after the bankruptcy, was among the debts that had been discharged," or "think the debt was a debt that cannot be discharged in bankruptcy." *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007). Keeping in mind the "least-sophisticated consumer" standard under which the Court interprets FDCPA claims, *LeBlanc*, 601 F.3d at 1194, the Complaint has plausibly alleged communications in connection with the collection of a debt.

Bayview appears to overstate the importance of when it claims to have learned that Plaintiffs were represented by counsel in this litigation; such knowledge is important for Counts Three and Nine, but no others. Finding liability under Counts Three and Nine requires Bayview to have had actual knowledge that Plaintiffs were represented by counsel. 15 U.S.C. § 1692c(a)(2); Fla. Stat. § 559.72(18); *see also Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1333-34 (M.D. Fla. 2010) (recognizing actual knowledge requirement). Plaintiffs have not alleged sufficient facts to allow the Court to infer that Bayview had actual knowledge of their representation by counsel before June 12, 2014, when Plaintiff's current counsel sent Bayview a letter. Plaintiffs argue in their Response to Bayview's Motion that the Court can infer that Bayview had knowledge before June 12 from Chase's knowledge, but the only basis for such an inference appears to be that Chase turned over its records upon selling the debt to Bayview. Since Plaintiffs do not state where this allegation was explicitly pled in the Complaint, the Court will dismiss Counts Three and Nine as to any communications before June

12, 2014; however, Plaintiffs may re-plead these claims in an amended complaint if they are able to allege sufficient facts to suggest that Bayview possessed actual knowledge prior to June 12, 2014.

**D. Rules 8 and 10**

Notwithstanding the Court's rulings above, Plaintiffs must re-plead their Complaint in order to comply with Rules 8 and 10. In concordance with Rule 10, the amended complaint "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Plaintiffs should separately assert individual claims against individual defendants, and plead specific facts that allow the Court to identify exactly which allegations pertain to which defendants.

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss (Doc. No. 41), filed October 13, 2014, is **GRANTED**. All claims against Chase are **DISMISSED with prejudice**.

2. Defendant James E. Albertelli, P.A.'s Motion to Dismiss (Doc. No. 44), filed October 14, 2014, is **GRANTED in part and DENIED in part**. The Motion is **DENIED** as to Plaintiffs' FDCPA claims that arise from Albertelli's initial pre-suit letter. The Motion is **GRANTED** as to the remainder of Plaintiffs claims against Albertelli, and those claims are **DISMISSED with prejudice**.

3. Defendant Bayview Loan Servicing, LLC's Motion to Dismiss (Doc. No. 42), filed October 14, 2014, is **GRANTED in part and DENIED in part**. The Motion is **GRANTED** insofar as the claims against Bayview are **DISMISSED without prejudice** and Plaintiffs are

directed to file an amended complaint consistent with the strictures of this Order. In all other respects, the Motion is **DENIED**.

4. Should Plaintiffs elect to do so, they **SHALL FILE** an amended complaint that complies with Rules 8 and 10 and addresses the other pleading deficiencies identified herein. Failure to file such an amended complaint on or before **Friday, April 24, 2015** may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 1, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties